UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bruce Lee Hudson,<br>*a.k.a. Bruce L. Hudson*, | ) C/A No. 4:10-00450-HFF-TER<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Report and Recommendation<br>) |
| Director Myer, of Alvin S. Glenn Detention Center, | )<br>) |
| Defendant. | )<br>)<br>) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Bruce Hudson ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on March 1, 2010. Plaintiff alleges that his constitutional rights were violated by Defendant. On October 25, 2010, Defendant filed a motion to dismiss for failure to comply with court orders. Because Plaintiff is proceeding pro se, the court issued an order on or about October 26, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendant's motion could result in the dismissal of his complaint. Plaintiff has failed to respond.

In the motion to dismiss, Defendant asserts that the case should be dismissed for failure to comply with court orders and on Plaintiff's "willful failure to abide by the unambiguous Orders of this Court, and as an appropriate sanction for Plaintiff's attempt to mislead the Court with perjured and/or forged documents." (Doc. #59).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

By way of background, on July 16, 2010, the Defendant filed a motion for sanctions against the Plaintiff. (Doc. #52). The motion alleged that the Plaintiff "has fabricated evidence, and perjured himself, in an effort to mislead the Defendant, Defendant's counsel, and the Court." Plaintiff did not file a response to this motion for sanctions. On September 15, 2010, the court issued an order directing the Plaintiff to Show Cause why sanctions are not appropriate within fifteen (15) days from the date of said Order. (Doc. #56). Plaintiff failed to file a response. Therefore, Defendant filed the motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the court issued a *Roseboro* order on October 26, 2010. Plaintiff has not filed a response to Defendant's motion to dismiss or the court's orders instructing him to respond.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been

filed. Plaintiff has not responded to Defendant's motion to dismiss or the court's Order requiring Plaintiff to Show Cause why sanctions are not appropriate. This action should be dismissed. No other reasonable sanctions are available.[2] Accordingly, it is recommended that Defendant's motion to dismiss be granted and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) for failure to prosecute and failure to comply with the court's order.

## II. CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

---

[2] *See Tesar v. Potter*, 2007 WL 2783386 (D.S.C. 2007) *quoting U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). In *Tesar*, the Court considered the factors set forth by the court in *Shaffer* in which the court stated:

> [B]efore exercising the inherent power to dismiss a case, a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

The Fourth Circuit stated in *Tesar* that "[w]hen a party commits perjury, sanctions are necessary to ensure that other litigants fully understand that the risk of entering perjured testimony far exceeds any tactical advantage that may be afforded from it, thus deterring them from engaging in similar misconduct. Any sanction less than dismissal will have the opposite effect. . ." *Tesar*, *supra*.

Alternatively, it is RECOMMENDED that the case be dismissed as a proper sanction pursuant to Defendant's motion for sanctions (doc. # 52).

RECOMMENDED that Defendant's motion to dismiss be GRANTED (doc. #59) and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December <u>17</u>, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**