

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRUCE LEE HUDSON, § | |
| a.k.a. Bruce L. Hudson, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:10-00450-HFF-TER |
| § | |
| Director Myer, § | |
| Alvin S. Glenn Detention Center, § | |
| Defendant. § | |

ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion to dismiss be granted (doc. #59) and Plaintiff's Complaint be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 17, 2010, but Plaintiff failed to file, and as noted below will not likely be filing, any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Of course, the Court is cognizant of the fact that Plaintiff can not file objections to a Report that he did not receive. Moreover, it is evident that he did not receive the Report in that it was returned to the Clerk of Court on December 28, 2010, marked "NO LONGER AT THIS ADDRESS[.] RETURN TO SENDER[.]" (Doc. 67.) But the fault for this lies at the feet of Plaintiff inasmuch as he has failed to keep the Clerk apprised of his current address, although directed to do so in the Court's March 17, 2010, Order. (Doc. 8.) In that Order, Plaintiff was warned that failure to abide by this directive might result in the Court's dismissal of the action. This fact fortifies the Court's decision below.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's motion to dismiss is **GRANTED** (doc. #59) and Plaintiff's Complaint is **DISMISSED** with prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

In the interest of justice and an abundance of caution, however, if Plaintiff notifies the Clerk of Court of his new address by January 7, 2011, the Clerk shall immediately notify the Court and the Court will consider vacating this Order and allowing Plaintiff to file objections to the Report.

**IT IS SO ORDERED**.

Signed this 29th day of December, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.